Mr. Ben Owens, Chairman State Hospital Board 4313 West Markham Little Rock, AR 72205-4096
Dear Mr. Owens:
This is in response to your request for an opinion, on behalf of the State Hospital Board, regarding the authority of the Board. While you have asked several questions which pertain, in general, to the Board's authority to use property which belongs to the State Hospital, it is my understanding from conversations subsequent to your request that your specific question is as follows:
 What is the authority of the State Hospital Board regarding the use and management of real property belonging to the State Hospital?
Your request does not set forth any facts relative to any particular property belonging to the State Hospital. This being the case, I will address your question in general terms, setting out the relevant law, but cannot make any definitive conclusions about any specific piece of property.
It is my understanding that by "use and management", your inquiry pertains, in particular, to disposition of state hospital properties. In response to your question, the procedures for thelease of lands belonging to or under the supervision of the State Hospital Board which are located in close proximity to the War Memorial Stadium are set out at A.C.A. § 20-46-206 (Repl. 1991). This statute authorizes the State Hospital Board to lease the property. The procedures for the sale of land that belongs to or is under the supervision or control of the Board, or belongs to the state and is held for the use or benefit of the Board are at A.C.A. § 22-6-601 (Cum. Supp. 1991). These procedures require appraisal, notice and bidding, and require involvement of State Building Services and the Governor.
The State Hospital Board is set up statutorily at A.C.A. §20-46-201 (Repl. 1991). Under Act 38 of 1971, the Board was transferred by a type 1 transfer to the Department of Human Services. See A.C.A. §§ 25-10-101 and -103(c) (Repl. 1992). Under such a transfer all ". . . budgeting, purchasing and related management functions . . . shall be performed under the direction and supervision of the head of the principal department." A.C.A. § 25-2-104(c) (Repl. 1992).
A separate statute, however, places the administration of the State Hospital for the mentally ill and the various facilities and services thereof under the control of the Board. The Board is to exercise its control in accordance with the general guidelines, policies, and regulations of the Director of the Department of Human Services. A.C.A. § 25-10-103(d)(1) (Repl. 1992).
The general powers and duties of the Board are set out at A.C.A. § 20-46-202, and its powers with regard to the lease of certain lands are found at § 20-46-206, which provides:
 (a) The State Hospital Board is authorized to enter into an agreement or agreements with the War Memorial Stadium Commission, the Board of Trustees of the University of Arkansas System, or the Board of Visitors of the University of Arkansas at Little Rock to lease to the commission, to the board of trustees, or to the board of visitors those lands belonging to or under the supervision of the State Hospital Board which are located in close proximity to the War Memorial Stadium. The agreement or agreements may provide for the leasing of lands for such period of time and under such other terms as may be agreed upon by the parties.
 (b) All funds received by the State Hospital Board under agreements for the lease of State Hospital lands as authorized in this section shall be deposited in the State Treasury and credited to the fund out of which the State Hospital is supported.
In my opinion, therefore, the State Hospital Board has authority to lease the property as set out above.
Arkansas Code Annotated § 22-6-601 (Cum. Supp. 1991) sets out the procedure that must be followed by a state board that wishes to sell land that belongs to or is under the supervision or control of the board, or belongs to the state and is held for the use or benefit of the board. The board must first certify its proposal for the sale to State Building Services. A.C.A. § 22-6-601(c)(1). The Director of State Building Services must then hire a qualified appraiser to appraise the land that is to be sold. A.C.A. § 22-6-601(c)(2). Once the appraisal is completed, the Director of State Building Services must furnish to the Governor the appraisal, the board's proposal to sell the land, and the recommendation of State Building Services. A.C.A. §22-6-601(d)(1). The Governor must approve the proposed sale, and if approved, a copy of the proposal is to be sent to the Construction Administrator of State Building Services. A.C.A. §22-6-601(d)(2). The Construction Administrator is required to give notice of the sale by publishing, for four consecutive weeks, the terms of the sale in a newspaper of statewide circulation and if the county in which the land is located publishes a newspaper of general circulation, publication shall be made in that newspaper as well. A.C.A. § 22-6-601(e)(1) (2). Sealed bids are to be submitted to State Building Services along with a certified check for one-tenth of the amount of the bid for the property. A.C.A. § 22-6-601(g). The land shall be sold for the highest bid, for cash, but the land cannot be sold for less than the appraised value. A.C.A. § 22-6-601(h). Upon the receipt from the successful bidder of the full amount of his bid, the board shall execute and deliver the deed transferring ownership of the land to the bidder and send a copy of this deed to the Governor. A.C.A. § 22-6-601(i)(1).
Although the conclusions reached above reflect my opinion with respect to the general authority of the Board, specific questions regarding the particular provisions of any specific lease or sale of land belonging to the State Hospital should, in my opinion, be addressed to your assigned attorney in a representative capacity as such would be in the nature of a request for legal advice, rather than a request for an official legal opinion. Cf. A.C.A. § 26-16-702(a) (requiring the Attorney General to provide legal services to state agencies), and A.C.A. § 25-16-706(a)(1) (requiring the Attorney General to give his opinion of "legal questions" to heads of executive departments). The resolution of such questions would entail reference to the particular property, agreements of the parties, and other factually specific matters which are beyond the purview of an official opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh